FILED
DEC 1 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TWANDA WELLS<br>629 Capitol Heights Blvd.<br>Capitol Heights, MD 20743<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN<br>OF THE MID-ATLANTIC STATES, INC.<br>1011 N. Capitol St., NE<br>Washington, DC  20002<br><br>Defendant. | CASE NUMBER  1:06CV02101<br><br>JUDGE: Reggie B. Walton<br><br>DECK TYPE: Employment Discrimination<br><br>DATE STAMP: 12/11/2006 |

*JURY ACTION*

## NOTICE OF REMOVAL

TO:  THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**PLEASE TAKE NOTICE** that Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. ("Kaiser"), by counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, submit this Notice of Removal of Case No. 06-ca-0008251 from the District of Columbia Superior Court to this Court. As grounds for removal, Kaiser states as follows:

1. On or about November 16, 2006, Defendant Kaiser accepted service of Plaintiff's Complaint and Summons from the Superior Court in the civil action entitled <u>Twanda Wells v. Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.</u>, Case No. 06-ca-0008251. A true and correct copy of the Summons, Complaint and Initial Order are attached hereto as Exhibit A.

2. The Summons, Complaint, and Initial Order constitute all the processes, pleadings, and orders received by Kaiser in this action.

1

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4.  Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint includes a claim for relief under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, a federal statute arising under the laws of the United States.

5.  The time for filing this Notice has not expired pursuant to 28 U.S.C. §1446(b). This Notice is filed with this Court within thirty (30) days after receipt by Kaiser of the Summons and Complaint filed in the District of Columbia Superior Court.

7.  By virtue of this Notice of Removal, Kaiser does not waive its right either to answer the Complaint and/or assert any claims, defenses or other motions, including, but not limited to Rule 12 motions permitted by the Federal Rules of Civil Procedure.

8.  Written notice of the filing of this Notice will be given forthwith to all adverse parties as required by law.

9.  A true copy of this Notice will be filed in the office of the District of Columbia Superior Court, the court in which this case was originally filed.

**WHEREFORE,** Kaiser respectfully requests that the instant action now pending in the District of Columbia Superior Court be removed to the United States District Court for the District of Columbia.

Respectfully submitted,

Dated: December 11, 2006

_____
Keith J. Harrison (D.C. Bar No. 416755)
Trina L. Fairley (D.C. Bar No. 464102)
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
(202) 624-2500
(202) 628-5116 (Fax)

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 11th day of December 2006, I caused a copy of the foregoing NOTICE OF REMOVAL to be delivered via first class mail, postage pre-paid, to the following individual:

> Alan Lescht
> Alan Lescht & Associates, P.C.
> 1050 17th Street, NW Suite 220
> Washington, DC 20036
> (202) 463-6036
>
> Counsel for Plaintiff

_____
Trina L. Fairley

# EXHIBIT A


SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

Twanda Wells
629 Capitol Heights Blvd
Capitol Heights, Md 20743

    Plaintiff,

v.

Kaiser Foundation Health Plan of the
Mid-Atlantic States, Inc.
1011 N. Capitol St., NE
Wash., DC 20002

    Defendant.

C. A. No.  0008251-06

JURY TRIAL DEMANDED

RECEIVED
Civil Clerk's Office
NOV 1 3 2006
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

Plaintiff, by counsel, complains of the Defendant, as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction and venue over this action because Defendant formerly employed Plaintiff in the District of Columbia.

2. This action alleges that Defendant terminated Plaintiff's employment in violation of the DC Human Rights Act (DC Code Sec. 2-1401 et seq) and federal Americans with Disabilities Act by discriminating against Plaintiff on the basis of her disability and denying her reasonable accommodations.

### THE PARTIES

3. Plaintiff Twanda Wells at 629 Capitol Heights Blvd., Capitol Heights, Md. 20743.

4. On information and belief, Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. is a corporation that formerly employed Plaintiff at its offices located at 1011 N. Capitol St., NE, Wash., DC 20002 and employs more than 50 people.

06 2101
FILED
DEC 1 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## FACTS

5. Plaintiff began working as a Registered Nurse for Defendant in 2002.

6. Plaintiff suffers from a disability (chronic arthritis) that substantially limits one or more of her major life activities.

7. Plaintiff was able to perform the essential functions of her job at all times with accommodations.

8. Plaintiff was required to utilize a wheelchair in order to get around at work.

9. Defendant accommodated Plaintiff's use of a wheelchair to do her job for about six months but then withdrew the accommodation and required that Plaintiff perform her job without a wheelchair or be fired.

10. Plaintiff could not perform her job without use of a wheelchair and so Defendant terminated Plaintiff's employment effective on or about August 31, 2005.

11. Defendant discriminated against Plaintiff on the basis of her disability.

12. Defendant denied Plaintiff reasonable accommodations by, among other things, denying Plaintiff the use of a wheelchair and by failing to reassign Plaintiff to vacant jobs for which she was qualified.

13. Defendant's unlawful conduct was intentional, wanton, malicious and in reckless disregard of Plaintiff's civil rights.

14. Plaintiff has sustained damages as a result of her wrongful termination of employment consisting of pain and suffering, emotional distress, mental anguish, lost pay, front pay, and lost benefits.

15. This action was filed after Plaintiff filed a charge of discrimination and within 90-days after she received notice of a right to sue from EEOC.

## COUNT 1

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1-15 as if

2

more fully set forth herein.

17. By and through its conduct, Defendant violated the D.C. Human Rights Act by discriminating against Plaintiff on the basis of her disability and denying her reasonable accommodations.

18. Plaintiff demands a trial by jury.

## COUNT 2

19. Plaintiff repeats and realleges the allegations contained in paragraphs 1-15 as if more fully set forth herein.

20. By and through its conduct, Defendant violated the federal Americans with Disabilities Act by discriminating against Plaintiff on the basis of her disability and denying her reasonable accommodations.

21. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment and damages on Counts 1 and 2 in amounts to be determined by a jury consisting of damages for pain and suffering, emotional distress, mental anguish, lost pay, lost benefits, front pay, front benefits, liquidated damages, punitive damages, interest, taxes on any award, and reasonable attorneys fees, but not less than $50,000, plus such other relief as the Court deems just and fair.

3

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Date: November 13, 2006

                                            Alan Lescht & Associates, P.C.

                                      By: _____
                                            Alan Lescht
                                      D.C. Bar No. 441691
                                      Susan Kruger
                                      1050 17th Street, N.W. Suite 220
                                      Washington, D.C. 20036
                                      (202) 463-6036
                                      Attorneys for Plaintiff

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Twanda Wells
629 Capitol Heights Blvd
Capitol Heights, MD 20743

*Plaintiff*

vs.

Kaiser Foundation Health Plan of the
Mid-Atlantic States, Inc.
1011 N. Capitol St, NE
Was., DC 20002 *Defendant*

Civil Action No 0008251-06

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Alan Lescht, Esq.
_____
Name of Plaintiff's Attorney
1050 17th St, NW, Suite 220
_____
Address
Wash., DC 20036
_____
202-463-6036
_____
Telephone

*Clerk of the Court*

By _____
    Deputy Clerk

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TWANDA WELLS
Vs.                                                         C.A. No.    2006 CA 008251 B
KAISER FOUNDATION HEALTH PLAN OF THE MID-ATLANTIC

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge NATALIA COMBS GREENE
Date:  November 13, 2006
Initial Conference: 9:00 am, Friday, February 16, 2007
Location:  Courtroom 312
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

Caio.doc

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Twanda Wells

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Alan Lescht
Alan Lescht & Associates, P.C.
1050 17th Street, N.W. Suite 220
Washington, DC 20036 (202) 463-6036

## DEFENDANTS

Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___11001___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

CASE NUMBER 1:06CV02101
JUDGE: Reggie B. Walton
DECK TYPE: Employment Discrimination
DATE STAMP: 12/11/2006

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/* *2255* | ⦿ H. *Employment* *Discrimination* | ○ I. *FOIA/PRIVACY* *ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA* *(non-employment)* | ○ L. *Other Civil Rights* *(non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ⦿ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. Section 12101. Plaintiff alleges Defendant discriminated against her on the basis of her disability under the Americans with Disabilities Act.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE December 7, 2006  SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.