**FILED**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DEC 1 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| TWANDA WELLS ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KAISER FOUNDATION HEALTH PLAN ) <br> OF THE MID-ATLANTIC STATES, INC. ) <br> ) <br> Defendant. ) <br> ) | CASE NUMBER  1:06CV02101 <br> JUDGE: Reggie B. Walton <br> DECK TYPE: Employment Discrimination <br> DATE STAMP: 12/11/2006 |

## DEFENDANT KAISER FOUNDATION HEALTH PLAN OF THE MID-ATLANTIC STATES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. ("Kaiser"), through counsel, Crowell & Moring LLP, hereby submits the following Answer and Affirmative Defenses to the Complaint of Plaintiff Twanda Wells. Kaiser generally denies the allegations contained in Plaintiff's Complaint and specifically states as follows:

### I.

### ANSWER

#### JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint sets forth legal conclusions and jurisdictional allegations to which no response is required. To the extent that Paragraph 1 is deemed to contain allegations of fact, Kaiser denies the allegations.

2. Paragraph 2 of the Complaint sets forth legal conclusions and jurisdictional allegations to which no response is required. To the extent that Paragraph 2 is deemed to contain allegations of fact, Kaiser denies the allegations.

## PARTIES

3.  Kaiser is without information or knowledge concerning the allegations of Paragraph 3 and, therefore, denies the allegations contained in Paragraph 3 of the Complaint.

4.  Kaiser admits the allegations contained in Paragraph 4 of the Complaint.

## FACTS

5.  Kaiser admits the allegations contained in Paragraph 5 of the Complaint.

6.  Kaiser denies the allegations contained in Paragraph 6 of the Complaint.

7.  Kaiser denies the allegations contained in Paragraph 7 of the Complaint.

8.  Kaiser admits Plaintiff used a wheelchair at certain times during her employment with Kaiser, but denies all other allegations in Paragraph 8 of the Complaint.

9.  Kaiser admits it allowed Plaintiff to use a wheelchair at certain times during her employment, but denies all other allegations in Paragraph 9 of the Complaint.

10. Kaiser admits Plaintiff was terminated effective on or about August 31, 2005, but denies all other allegations in Paragraph 10 of the Complaint.

11. Kaiser denies the allegations contained in Paragraph 11 of the Complaint.

12. Kaiser denies the allegations contained in Paragraph 12 of the Complaint.

13. Kaiser denies the allegations contained in Paragraph 13 of the Complaint.

14. Kaiser denies the allegations contained in Paragraph 14 of the Complaint.

15. Kaiser is without information or knowledge concerning the allegations of Paragraph 15 and, therefore, denies the allegations contained in Paragraph 15 of the Complaint.

## COUNT 1

Kaiser repeats and realleges its responses to Paragraphs 1 through 15 of the Complaint as if fully set forth herein.

16. Paragraph 16 of the Complaint sets forth legal conclusions and jurisdictional allegations to which no response is required. To the extent that Paragraphs 16 is deemed to contain allegations of fact, Kaiser denies the allegations.

17. Paragraph 17 of the Complaint sets forth legal conclusions to which no response is required. To the extent that Paragraph 17 is deemed to contain allegations of fact, Kaiser denies the allegations.

18. Paragraph 18 of the Complaint sets forth legal conclusions and jurisdictional allegations to which no response is required. To the extent that Paragraph 18 is deemed to contain allegations of fact, Kaiser denies the allegations.

## COUNT 2

Kaiser repeats and realleges its response to Paragraphs 1 through 18 of the Complaint as it fully sets forth herein.

19. Paragraph 19 of the Complaint sets forth legal conclusions and jurisdictional allegations to which no response is required. To the extent that Paragraph 19 is deemed to contain allegations of fact, Kaiser denies the allegations.

20. Paragraph 20 of the Complaint sets forth legal conclusions to which no response is required. To the extent that Paragraph 20 is deemed to contain allegations of fact, Kaiser denies the allegations.

21. Paragraph 21 of the Complaint sets forth legal conclusions and jurisdictional allegations to which no response is required. To the extent that Paragraph 21 is deemed to contain allegations of fact, Kaiser denies the allegations.

## PRAYER OF RELIEF

Kaiser denies and disputes Plaintiff's entitlement to any of the relief set forth in her Complaint including, but not limited to, judgment, compensatory damages, punitive damages,

liquidated damages, interest, taxes on any award, lost earnings, lost benefits, back-pay, front pay, front benefits, attorneys' fees, and any other relief Plaintiff seeks.

## II.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint against Kaiser fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Upon information and belief, Plaintiff has failed to mitigate her damages.

### Third Affirmative Defense

Kaiser's actions were based on legitimate factors and were not based on discriminatory, retaliatory or other unlawful motives.

### Fourth Affirmative Defense

This action or any relief sought by Plaintiff is barred, in whole or in part, because Kaiser may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not yet been completed. Accordingly, Kaiser reserves the right to supplement the foregoing and raise additional defenses as may appear as the case progresses.

WHEREFORE, Kaiser respectfully requests that the Complaint be dismissed in its entirety and that Kaiser be granted such other and further relief as it is deemed just and proper.

Dated: December 11, 2006

Respectfully submitted,

*/s/ Nina [signature]*

Keith J. Harrison (D.C. Bar No. 416755)
Trina L. Fairley (D.C. Bar No. 464102)
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
(202) 624-2500
(202) 628-5116 (Fax)

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 11th day of December 2006, I caused a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES to be delivered via first class mail, postage pre-paid, to the following individual:

>Alan Lescht
>Alan Lescht & Associates, P.C.
>1050 17th Street, NW Suite 220
>Washington, DC 20036
>(202) 463-6036
>
>Counsel for Plaintiff

_____
Trina L. Fairley